UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| PENNY COLEMAN, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:16CV00121 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by Penny Coleman, a person in federal custody. On October 20, 2014, Coleman plead guilty before this Court to the offense of felon in possession of a firearm and, on January 20, 2015, this Court sentenced Coleman to the Bureau of Prisons for a term of 180 months, the mandatory minimum sentence. Simmons' § 2255 motion is fully briefed and ripe for disposition.

Penny Coleman has filed her first Petition under 28 U.S.C. § 2255, alleging that she was improperly sentenced as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e). Coleman argues that the retroactive application of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) invalidates her classification as an Armed Career Criminal. Coleman does not set out any factual basis for her claim. She does not provide any argument that a particular conviction was improperly classified as a violent felony or serious drug offense. Coleman also claims that her sentence was enhanced for a conviction under 18 U.S.C. § 924(c). As a preliminary matter, the record

will show that Coleman was neither charged with nor convicted of a violation of 18 U.S.C. § 924(c), so that portion her complaint is easily disposed of. It is clear that Coleman's predicate Armed Career Criminal convictions were properly classified as violent felonies and serious drug offenses and would still be so classified if she were to be re-sentenced today. The holding of *Johnson* has no effect on Coleman's sentence.

Coleman actually received two sentences from this Court; one of 180 months for being a Felon in Possession of a Firearm (Case Number 1:14 CR 00029 SNLJ) and another 180 month sentence for Distribution of Cocaine Base (Case Number 1:14 CR 00080 SNLJ). Coleman's § 2255 petition only complains about the sentence she received in Case Number 1:14 CR 00029 for the firearm case. She does not contend that her equal, 180 month sentence for her drug conviction was imposed improperly. Because Coleman does not contend that her sentence in Case Number 1:14 CR 00080 SNLJ was incorrectly applied, there is no need to address any issue related to that conviction or sentence.

For the reasons set forth below, the Court will deny Coleman's Petition.

## **PROCEDURAL HISTORY**

A. Underlying Conviction

On April 23, 2014, a Grand Jury in the Eastern District of Missouri, Southeastern Division, returned a one-count indictment against Penny Coleman, charging her with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). (DCD 1, Case Number 1:14 CR 00029) On August 21, 2014, the grand jury returned a second indictment against Penny Coleman, charging her with Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a). (DCD 1, Case Number 1:14 CR 00080 SNLJ) On

October 20, 2014, Coleman appeared with her attorney and pled guilty to the charge made in each Indictment pursuant to a written plea agreement. (DCD 48, Case Number1:14 CR 00029; DCD 24, Case Number 1:14 CR 00080 SNLJ)

Following the pleas, a combined Presentence Investigation Report ("P.S.R.") was prepared for both Indictments. The P.S.R. recommended that Coleman be classified as an Armed Career Criminal ("ACC") under 18 U.S.C. § 924(e), otherwise known as the Armed Career Criminal Act ("ACCA"). The P.S.R. recognized three convictions of Coleman's that qualified as violent felonies or serious drug offenses. (P.S.R. ¶ 46) ("... the defendant has at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions, Aggravated Battery/Great Bodily Harm and Aggravated Battery/Weapon/No Firearm, in Docket No. 95CR0314104, and Possession With Intent to Distribute a Controlled Substance (two counts), Docket No. 06MI-CR00653. Therefore, the defendant is an armed career criminal and subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e).") The PSR concluded that the Total Offense Level for both counts was 31. (P.S.R. ¶ 49) Coleman's Criminal History Category was IV and the resulting sentencing range was 180 months. (P.S.R. ¶ 66, 99)

Coleman was determined to be an ACC based on the following felony convictions:
(1) Coleman was convicted on April 28, 1995, of the felony of Illinois Aggravated Battery/Great Bodily Harm and Aggravated Battery/Weapon/No Firearm in the Circuit Court of Cook County, Illinois. (P.S.R. & 52 and Exh. 1)

3

(2) Coleman was convicted on December 11, 2008, of the felony of Missouri Possession With Intent to Distribute a Controlled Substance in the Circuit Court of Mississippi County, Missouri, in two separate counts. (P.S.R. ¶ 58 and Exh. 2)

Coleman had other felony convictions, but those convictions are not relevant to any discussion of whether she is an Armed Career Criminal.

On January 20, 2015, this Court found Coleman to be an Armed Career Criminal and sentenced her to a term of imprisonment of 180 months for the Felon in Possession of a Firearm conviction. This Court also sentenced Coleman to a term of imprisonment of 180 months for the Cocaine Base Indictment. Each sentence was ordered to run concurrently. Coleman did not appeal her conviction or sentence.

B. Previous Post-Conviction Motion.

Coleman had not filed any habeas petitions prior to the current one. This petition is considered as her "first" § 2255 petition.

## CURRENT CLAIM

In her current Application for Leave to File a Second Petition under 28 U.S.C. § 2255, Coleman makes a vague allegation that the holdings of *Johnson* and *Welch* should be applied retroactively to reduce her sentences. Coleman asserts that she has the right to collateral review of her ACCA sentence pursuant to the holdings of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S.Ct. 1257 (2016). Coleman does not explain exactly how these cases affect her sentences, either by pointing out a misclassification of a prior conviction as a violent felony, or any other means.

4

The problem with Coleman's request is that the holding of *Johnson* only permitted attacks on ACCA sentences that were imposed due to the application of the residual clause definition of a violent felony. All other reasons for the classification of a prior conviction as a violent felony, such as convictions under the "elements" clause crimes or enumerated crimes, are still violent felony predicate convictions for ACCA purposes, even after the holding of *Johnson*. Serious drug offense convictions, of which Coleman has two, are also still considered to be ACCA predicate convictions even after the holding of *Johnson*. Coleman's violent felony conviction for Illinois Aggravated Battery was always elements clause violent felony. None of Coleman's ACCA predicate convictions were so classified due to the residual clause of the definition of a violent felony, the only basis for a challenge to a sentence under *Johnson*.

## **DISCUSSION**

**A. Required Threshold Showing for Relief.**

A habeas petition filed by a federal prisoner must follow the requirements of 28 U.S.C. § 2255 in order to be considered. § 2255(a) permits a federal prisoner to file a habeas petition on the grounds that their sentence was "imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Normally, the filing of such petitions is limited to a one-year period after the defendant was originally sentenced. 28 U.S.C. § 2255(f)(1). The Government agrees that prisoners sentenced as Armed Career Criminals under 18 U.S.C. § 924(e) may file habeas petitions under § 2255 beyond the one-year

limitation period if they can demonstrate that their sentences were imposed due to the now-invalidated residual clause definition of a violent felony, pursuant to *Johnson* and *Welch*. However, as argued below, since Coleman's predicate ACCA convictions were not so classified because of the residual clause, she cannot establish that her sentence was improperly imposed.

**B. Johnson Does Not Apply.**

Coleman's Petition relies on the Supreme Court's June 2015 decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague. The Supreme Court held in *United States v. Welch*, 2016 WL 1551144 (U.S. Apr. 18, 2016) that the rule in *Johnson* was a substantive new rule that is retroactive on collateral review. However, Coleman's classification as an ACC does not rest on the residual clause of the ACCA. Coleman's battery conviction is a violent felony under the "elements" clause. Her two Missouri controlled substance offenses are serious drug offenses. Her three ACCA predicate conviction classifications are unaffected by *Johnson*.

Title 18, United States Code, Section § 922(g)(1) provides that a person who has been previously convicted of a felony is prohibited from possessing a firearm or ammunition that has affected interstate commerce. Any person who unlawfully possesses a firearm in violation of this section is subject to a term of imprisonment of up to ten years. 18 U.S.C. § 924(d). However, the ACCA provides that any defendant convicted in federal court of being a felon in possession of firearms and/or ammunition *and* who has

6

three prior felony convictions for violent felonies and/or serious drug offenses must receive an enhanced punishment of a of life and a minimum term of imprisonment of fifteen years. 18 U.S.C. § 924(e). Coleman was sentenced under 18 U.S.C. § 924(e) after this Court determined that she had one prior felony convictions for a violent felony, along with her two serious drug offenses. A "violent felony" is defined as:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . , that –
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis furnished).

The italicized section set out above, known as the "residual clause," was invalidated by the recent holding in *Johnson v. United States*, 135 S.Ct. 2551, 2556 (2015). However, the remaining definitions of a violent felony remain viable for determining whether a defendant is an Armed Career Criminal. Those remaining sections are subsection (i), commonly referred to as the "elements" or "use-of-force" clause, and the un-italicized subsection (ii), which contains the enumerated crimes of burglary, arson extortion or involving use of explosives.

A serious drug offense is defined as:

> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute,

7

>a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C. § 924(e)(2)(A).

The holding of *Johnson* had no effect on the definition of a serious drug offense.

Coleman was sentenced as an Armed Career Criminal because this Court found that she had one violent felony conviction (Illinois Battery) and two serious drug offense convictions (Missouri Possession of a Controlled Substance With Intent). Because Coleman's ACC convictions were an elements clause conviction and two serious drug offenses, and not residual clause violent felonies, she may not use *Johnson* to attain a second sentencing hearing. ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process… *Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.*") (Emphasis furnished).

The holding of *Johnson* did not invalidate Armed Career Criminal sentences that were based on the elements clause or serious drug offenses. The fact that the residual clause is unconstitutionally vague does not affect the validity of classification of Coleman's prior battery conviction as a violent felony or her two controlled substance convictions as serious drug offenses.

Coleman appears to contend that the holding of *Johnson* provides successive collateral review of all Armed Career Criminal sentences and a review of their underlying conviction documents, which is not the case. Only those cases where defendants can

demonstrate that one of their three predicate violent felony convictions was found to be a violent felony under the residual clause have a proper claim under *Johnson*. Such is not the case here.

**C. Coleman's Illinois Battery Conviction is Still a Violent Felony Conviction.**

Coleman was convicted of two counts of Illinois Aggravated Battery in 1995. From her conviction documents it appears that both charges occurred on the same occasion, therefore, the Court will treat these two counts as one conviction for purposes of the ACCA. The Probation Office also treated both counts of conviction as one conviction for this purpose. This Court finds that Illinois Aggravated Battery is an elements clause violent felony as defined by 18 U.S.C. § 924(e)(2)(B)(i).

Count II of Coleman's charging Information charges that Coleman committed the following offense conduct:

> The State's Attorney of Cook County now appears before the
> Circuit Court of Cook County and in the name and by the
> authority of the People of the State of Illinois states that on or
> about December 19, 1994, in the Cook County, Illinois Kimberly
> Roby-Bassett, Evelyn Love, Mary Love, Penny Coleman, committed
> the offense of Aggravated Battery in that they, in committing a
> battery on Sharonda Conley intentionally or knowingly without
> legal justification caused great bodily harm to Sharonda Conley
> to wit: facial bone fracture, laceration to back of head in violation,
> of Chapter 720, Act 5, Section 12-4-A of the Illinois Compiled
> Statutes 1992, as amended, and contrary to the Statute, and against
> the peace and dignity of the same People of the State of Illinois.

Exh. 1.

Count III of that Information charged the following:

> The State's Attorney of Cook County now appears before the
> Circuit Court of Cook County and in the name and by the

9

> authority of the People of the State of Illinois states that on or
> about December 19, 1994, in the Cook County, Illinois Kimberly
> Roby-Bassett, Evelyn Love, Mary Love, Penny Coleman, committed
> the offense of Aggravated Battery in that they, intentionally or
> knowingly without legal justification caused bodily harm to
> Sharonda Conley while using a deadly weapon, to wit: a bludgeon
> in violation, of Chapter 720, Act 5, Section 12-4-B(1), of the
> Illinois Compiled Statues 1992, as amended, and contrary to the
> Statute, and against the peace and dignity of the same People of the
> State of Illinois.

Exh. 1.

The conviction documents show that Coleman pled guilty to those two offenses on April 28, 1995. Count I, a charge of Illinois Armed Violence, was dismissed by the state.

The statute of conviction for Counts II and III, Chapter 720, Act 5, Section 12-4-(a) and (b), of the Illinois Compiled Statues 1992, reads as follows:

> § 12-4. Aggravated Battery.
> (a) A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery.
> (b) In committing a battery, a person commits aggravated battery if he or she:
> (1) Uses a deadly weapon other than by the discharge of a firearm.

710 ILCS 5/12-4; Version applicable in 1994.

Basically, Count II of Coleman's Information charged that she committed Aggravated Battery by causing great bodily harm to the victim; Count III charged that Coleman committed Aggravated Battery by using a deadly weapon. The conviction documents show that Coleman was convicted of these two counts and sentenced to a term of imprisonment of 120 days in jail.

The jury instructions defining the Illinois crime of battery and aggravated battery by causing great bodily injury and by using a deadly weapon demonstrate that Coleman's

convictions for Illinois Aggravated Battery were both elements clause violent felonies.

The jury instruction for Illinois Battery reads as follows:

> A person commits the offense of battery when he, or one for whose conduct he is legally responsible for, knowingly without legal justification and by any means causes bodily harm to another person.

*People v. Harris*, 497 N.E. 177, 180 (Ill.App. 2nd Dist. 1986).

The jury instruction for committing Illinois Aggravated Battery by causing great bodily injury adds the following instruction to the battery instruction:

> A person commits the offense of aggravated battery when he, in committing a battery, knowingly causes great bodily harm to the person harmed.

*People v. Harris*, 497 N.E. 177, 180 (Ill.App. 2nd Dist. 1986).

The jury instruction for committing Illinois Aggravated Battery by the use of a dangerous (or deadly weapon), adds the following instruction to the battery instruction:

> A person commits armed violence when he commits the offense of aggravated battery while armed with a [deadly] weapon.

*People v. Harris*, 497 N.E. 177, 180 (Ill.App. 2nd Dist. 1986).

Both forms of Illinois Aggravated Battery that Coleman was convicted of require, as an element, the use of force by causing bodily harm to another person. Because Coleman's crimes each involved the use of force, they qualify as violent felonies under the elements clause definition, which states:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . , that –
> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another;

18 U.S.C. § 924(e)(2)(B).

11

Coleman's Illinois Aggravated Battery convictions count as one violent felony for ACCA purposes, since it appears that both crimes occurred on the same occasion and were part of one event. *United States v. Keith*, 638 F.3d 851, 852 (8th Cir. 2011) ("The Armed Career Criminal Act (ACCA) mandates a fifteen-year sentence for a felon in possession who "has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).").

The Government will now discuss Coleman's other two qualifying ACCA convictions, both of which were serious drug offenses.

**D. Coleman's Two Felony Convictions for Distribution of a Controlled Substance (Cocaine Base) Are Still Serious Drug Offense Convictions.**

Coleman's P.S.R. reflected that she had two prior felony convictions for Missouri Possession With Intent to Distribute a Controlled Substance in 2008. (P.S.R. ¶ 58) The conviction documents show that Coleman was originally charged with Distribution of Cocaine Base, but that those charges were amended to Possession With Intent to Distribute a Controlled Substance. Both of those convictions qualify as ACCA predicate serious drug offense convictions. As noted earlier, for such a state conviction to qualify as a serious drug offense conviction, it must: (1) involve manufacturing, distribution or possessing with the intent to distribute (2) a controlled substance as defined by the Controlled Substances Act, (3) for which a maximum term of imprisonment is at least ten years. Coleman's convictions meet this standard.

Coleman's Missouri drug convictions disclose that the substance involved was

12

crack cocaine, also known as cocaine base. That substance is a federally controlled substance listed under the Controlled Substances Act. See 21 U.S.C. § 812(c)(Schedule II)(a)(4):

> (4) cocaine, its salts, optical and geometric isomers, and salts of isomers, . . .

Coleman signed a Petition to Enter a Plea of Guilty in her state cases, agreeing that her range of punishment was five to fifteen years and that she was guilty of the offenses. Her two crimes, both violations of RSMo., § 195.211, were punishable as a class B felony, with a statutory range of punishment of five to fifteen years. RSMo. § 558.011. Clearly, Coleman's two convictions involved (1) her possession of a controlled substance with the intent to distribute; (2) that the substance, crack cocaine or cocaine base, is a controlled substance under the federal Controlled Substances Act; and (3) the maximum punishment range for these crimes exceeded ten years. Both of Coleman's convictions for Missouri Possession With Intent to Distribute a Controlled Substance are serious drug offenses and both are predicate ACCA convictions.

Furthermore, each of those convictions involved conduct occurring on "occasions separate from one another" in that Count I occurred on April 5 and Count II occurred on April 6. Each count of the conviction counts separately as a conviction for ACCA purposes. *See United States v. Ross*, 569 F.3d 821, 823 (8th Cir. 2009) (finding that defendant's two drug sale convictions that occurred on different days counted as two separate ACCA convictions even though both were charged as different counts in the same information.)

## CONCLUSION

For the foregoing reasons, this Court denies Coleman's § 2255 petition, without a hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Coleman has not made a substantial showing of the denial of a federal constitutional right.

Dated this 27th day of September, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE